UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)
CASE NO.:

MOSES TUCKER, individually, and
DANA CAPASSO, individually,

    Plaintiffs,

v.

ALTERNATIVES IN TREATMENT, LLC, a
Florida limited liability company; BEHAVIORAL
HEALTH INNOVATIONS, LLC, a Florida limited
liability company; MANDALA HEALING
CENTER, LLC, a Florida limited liability company;
and JOSEPH A. PETRI, individually,

    Defendants.
_____/

# COMPLAINT

Plaintiffs, MOSES TUCKER ("Mr. Tucker") and DANA CAPASSO ("Ms. Capasso")(collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendants, ALTERNATIVES IN TREATMENT, LLC, a Florida limited liability company ("AIT"), BEHAVIORAL HEALTH INNOVATIONS, LLC, a Florida limited liability company ("BHI"), MANDALA HEALING CENTER, LLC, a Florida limited liability company ("Mandala Healing"), and JOSEPH A. PETRI, individually ("Mr. Petri")(collectively, the "Defendants"), and as grounds therefore state as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"), and Article X, § 24 of the Florida Constitution.

2. The Defendants breached their employment contract with the Plaintiffs by failing to pay the wages promised.

3. Plaintiffs assert claims arising from violations of their rights under the Florida Minimum Wage Act (Fla. Stat. § 448.110).

4. Plaintiffs seek to recover their unpaid wages, actual, liquidated, and compensatory damages, and to the extent appropriate, pre and post judgment interest. Plaintiffs also seek a reasonable attorney's fee pursuant to § 448.08, Fla. Stat.

## JURISDICTION

5. This Court has original jurisdiction as certain of the claims herein are brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), to recover unpaid minimum and overtime wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has original jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1343(a)(4).

7. At all times pertinent to this Complaint, AIT was an enterprise engaged in interstate commerce.

8. At all times pertinent to this Complaint, BHI was an enterprise engaged in interstate commerce.

9. At all times pertinent to this Complaint, Mandala Healing was an enterprise engaged in interstate commerce.

10. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

11. Each Defendant is subject to the jurisdiction of this Court because they engage in substantial and not isolated activity with the Southern District of Florida.

12. Each Defendant is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

13. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. Defendants are, and continue to be, a corporation and individual doing business within this judicial district.

## PARTIES

14. At all times material hereto, Mr. Tucker was and continues to be a resident of Palm Beach County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

15. At all times material hereto, Ms. Capasso was and continues to be a resident of Palm Beach County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

16. AIT is a Florida for-profit limited liability company with its principal place of business in Palm Beach County, Florida and was a business engaged in interstate commerce with

gross annual sales or revenue of $500,000.00 or more. At all times material hereto, AIT employed the Plaintiffs within the meaning of Fla. Stat. § 448.110.

17. BHI is a Florida for-profit limited liability company with its principal place of business in Palm Beach County, Florida and was a business engaged in interstate commerce with gross annual sales or revenue of $500,000.00 or more. At all times material hereto, BHI employed the Plaintiffs within the meaning of Fla. Stat. § 448.110.

18. Mandala Healing is a Florida for-profit limited liability company, also known as Delray Recovery Center, with its principal place of business in Palm Beach County, Florida and was a business engaged in interstate commerce with gross annual sales or revenue of $500,000.00 or more. At all times material hereto, Mandala employed the Plaintiffs within the meaning of Fla. Stat. § 448.110.

19. Mr. Petri is an individual and a resident of Palm Beach County, Florida. Mr. Petri continuously operated three intertwined businesses known as AIT BHI and Mandala Healing and conducted business in Palm Beach County, Florida. At all times relevant to this action, Mr. Petri employed the Plaintiffs within the meaning of Fla. Stat. § 448.110 because he (a) hired the Plaintiffs, (b) negotiated t and principal owner and operator of Mandala Healing. Mr. Petri owns and operates Mandala Healing and regularly exercises the authority to: (a) hires and fires employees of Mandala Healing; (b) determines the work schedules of employees of Mandala Healing; and (c) controls the finances and operations of Mandala Healing.

20. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of § 206 and § 207 of the FLSA.

21. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum for the applicable and relevant time periods herein.

23. At all times material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

24. At all times material hereto, and as discussed more fully below, each of the Defendants were an "employer" of Plaintiffs within the meaning of the FLSA.

25. At all times material hereto, and as discussed more fully below, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA.

## STATEMENT OF FACTS

**I.  AIT, BHI, and Mandala Healing are singular and collective corporate enterprises conducting business under the exclusive ownership and control of Mr. Petri.**

26. Since 2012, Mr. Petri operated AIT, a drug treatment facility located in West Palm Beach, FL. Mr. Petri acted as CEO of AIT until 2017 when Blue Dog Holdings, LLC, also located at 5410 East Avenue, West Palm Beach, FL, and Peter Walstrom became managing members of AIT. Blue Dog Holdings, LLC's only managing member is Mr. Petri. As such, through Blue Dog Holdings, LLC, Mr. Petri continued to act as the CEO and managing member of AIT.

27. Since 2012, Mr. Petri operated BHI, a drug treatment facilitation organization located in West Palm Beach, FL. Mr. Petri acted as CEO of BHI until 2017 when Blue Dog Holdings, LLC and Peter Walstrom became managing members of BHI. Blue Dog Holdings, LLC's only managing member is Mr. Petri. As such, through Blue Dog Holdings, LLC, Mr. Petri continued to act as the CEO and managing member of BHI.

28. Since 2016, Mr. Petri operated Mandala Healing, a drug treatment facility located in West Palm Beach, FL. At all times material hereto, Mr. Petri acted as CEO of Mandala Healing.

29. At all times material hereto, AIT, BHI, and Mandala Healing operated interchangeably and as one organization and were internally and publicly known as Mandala Health Group ("Mandala Health Group"). Mandala Health Group is not a Florida corporation.

30. As CEO of all of the corporate Defendants and Mandala Health Group, Mr. Petri had authority over Plaintiffs' schedules, pay rates, and oversaw Plaintiffs' work activities. At all times relevant to this action, Mr. Petri had final decision-making authority over all conditions of employment and actions of employment of Plaintiffs.

31. In this way, as explained more fully below, the corporate Defendants and Mandala Health Group are not truly separate and independent entities; rather they are a singular and collective corporate enterprise conducting business under the exclusive ownership and control of Mr. Petri.

32. Mr. Tucker began working for Mandala Healing in or about February 2017 and worked exclusively for Mandala Healing through and including August 2018.

33. Thereafter, Ms. Capasso began working for Mandala Healing on or about May 4, 2017 and worked exclusively for Mandala Healing through and including August 5, 2017.

34. As of the date of this filing, AIT, BHI, and Mandala Healing remain operational and continue to do business within the same niche industry.

35. Thus, the corporate Defendants are so inextricably intertwined that they are each plainly nothing more than the alter egos of one another and Mr. Petri, such that they each qualify, individually and collectively, as Plaintiff's "Employer" and Plaintiff qualifies as each of their "Employee" under the FLSA during the periods described herein.

36. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

37. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

38. At all times material hereto, Mr. Petri directly supervised Plaintiffs and/or was involved in the day to day operations of Mandala Healing.

39. At all times material hereto, Mr. Petri was directly involved in the decision-making processes that affected employee compensation and/or hours worked by Plaintiffs.

40. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**II.     Defendants fail to pay Mr. Tucker minimum wage as required by the FLSA.**

41. In or about February 2017, Mr. Tucker began working for the Defendants as a behavior technician.

42. Mr. Tucker's final day of employment for the Defendants was in or about August 2018.

43. During Mr. Tucker's employment as a behavior technician for the Defendants exclusively, he routinely worked over forty (40) hours per week but was not paid the standard minimum wage mandated by the FLSA.

44. During Mr. Tucker's employment as a behavior technician, he routinely worked over forty (40) hours per week, and was not paid either straight time or overtime (time and one-half) for any hours worked in excess of forty hours per week regardless of the number of hours he actually worked (which was always in excess of forty hours per week).

45. Specifically, in or about July and August 2017, Defendants stopped paying wages to Mr. Tucker for approximately seventy (70) hours of wages at $15.50 per hour, for a total sum of $1,085.00.

46. Mr. Tucker has retained the undersigned to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

**II.    Defendants fail to pay Ms. Capasso minimum wage as required by the FLSA.**

47. On or about May 4, 2017, Ms. Capasso began working for the Defendants as a client service manager.

48. Ms. Capasso's final day of employment for the Defendants was on or about August 5, 2017.

49. During Ms. Capasso's employment as client service manager for the Defendants exclusively, she routinely worked over forty (40) hours per week but was not paid the standard minimum wage mandated by the FLSA.

50. During Ms. Capasso's employment as client service manager, she routinely worked over forty (40) hours per week, and was not paid either straight time or overtime (time and one-half) for any hours worked in excess of forty hours per week regardless of the number of hours she actually worked (which was always in excess of forty hours per week).

51. Specifically, during her entire employment (*i.e.,* May 4, 2017 through August 5, 2017) Defendants never paid wages to Ms. Capasso for approximately two hundred forty (240) hours of wages at $20.19 per hour, for a total sum of $4,800.00.

52. Ms. Capasso has retained the undersigned to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (FLSA; UNPAID OVERTIME – MR. TUCKER)

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

53. Since Mr. Tucker's date of hire with the Defendants, in addition to Mr. Tucker's normal work week, Mr. Tucker worked additional hours in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half.

54. Mr. Tucker was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

55. Defendants failed to pay Mr. Tucker overtime compensation in the lawful amount for hours worked by Mr. Tucker in excess of the maximum hours provided for in the FLSA.

56. Records, if any, concerning the number of hours worked by Mr. Tucker, and the actual compensation paid to Mr. Tucker are in the possession and custody of the Defendants. Mr. Tucker intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend this Complaint to set forth the precise amount due him.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Mr. Tucker at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

58. Defendants failed to properly disclose or apprise Mr. Tucker of his rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Mr. Tucker is entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful and unlawful acts of Defendants, Mr. Tucker has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

61. Mr. Tucker is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, MOSES TUCKER, respectfully requests that judgment be entered in his favor against the Defendants declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207; awarding Mr. Tucker overtime compensation in the amount calculated; awarding Mr. Tucker liquidated damages in the amount calculated; awarding Mr. Tucker reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Mr. Tucker post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 207 (FLSA; UNPAID OVERTIME – MS. CAPASSO)

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

62. Since Ms. Capasso's date of hire with the Defendants, in addition to Ms. Capasso's normal work week, Ms. Capasso worked additional hours in excess of forty (40) hours per week for which she was not compensated at the statutory rate of time and one-half.

63. Ms. Capasso was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

64. Defendants failed to pay Ms. Capasso overtime compensation in the lawful amount for hours worked by Ms. Capasso in excess of the maximum hours provided for in the FLSA.

65. Records, if any, concerning the number of hours worked by Ms. Capasso, and the actual compensation paid to Ms. Capasso are in the possession and custody of the Defendants. Ms. Capasso intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend this Complaint to set forth the precise amount due her.

66. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Ms. Capasso at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

67. Defendants failed to properly disclose or apprise Ms. Capasso of her rights under the FLSA.

68. As a direct and proximate result of Defendants' willful disregard of the FLSA, Ms. Capasso is entitled to liquidated damages pursuant to the FLSA.

69. Due to the intentional, willful and unlawful acts of Defendants, Ms. Capasso has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

70. Ms. Capasso is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, DANA CAPASSO, respectfully requests that judgment be entered in her favor against the Defendants declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207; awarding Ms. Capasso overtime compensation in the amount calculated; awarding Ms. Capasso liquidated damages in the amount calculated; awarding Ms. Capasso reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Ms. Capasso post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT III
**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES – MR. TUCKER)**

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

71. Mr. Tucker's employment with the Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage at $15.50 per hour.

72. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

73. Mr. Tucker routinely worked in excess of 40 hours per week for which he received no additional compensation, throughout all times material hereto, such that Mr. Tucker worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage, and for many hours, Mr. Tucker was paid no wage at all.

74. At all times material hereto, Defendants failed—and continue to fail—to maintain proper time records as mandated by the FLSA.

75. Defendants failed to properly disclose or apprise Mr. Tucker of Mr. Tucker's rights under the FLSA.

76. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Mr. Tucker at the statutory minimum wage for hours worked when they knew or should have known such was and is due.

77. As a direct and proximate result of Defendants' willful, intentional, and unlawful violations of the FLSA, Mr. Tucker suffered and continues to suffer damages and lost compensation for time worked, plus liquidated damages pursuant to the FLSA.

78. Mr. Tucker is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

79. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Mr. Tucker

by virtue of the management policy, plan, or decision that intentionally provided for the compensation of fewer hours than Mr. Tucker actually worked.

80. Mr. Tucker was not paid for all hours worked, and to the extent such hours, if properly credited to Mr. Tucker, would have credited Mr. Tucker with more hours in a work week, Defendants failed to properly pay Mr. Tucker, at least minimum wage compensation for such hours.

WHEREFORE, Plaintiff, MOSES TUCKER, respectfully requests that judgment be entered in his favor against the Defendants declaring the Defendants have violated the minimum wage provisions of 29 U.S.C. § 206; awarding Mr. Tucker minimum wage compensation in the amount calculated; awarding Mr. Tucker liquidated damages in the amount calculated; awarding Mr. Tucker reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Mr. Tucker post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

**COUNT IV**
**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES – MS. CAPASSO)**

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

81. Ms. Capasso's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage. Specifically, Ms. Capasso's $807.69 per week "salary" was intended to compensate her for 40 hours of work, i.e., $20.19 per hour.

82. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

83. Because Defendants paid Ms. Capasso a flat amount of $807.69 per 40 hours work and Ms. Capasso routinely worked in excess of 40 hours per week for which she received no

additional compensation, throughout all times material hereto, Mr. Capasso worked hours for the Defendants for which she was paid below the FLSA statutory minimum wage, and for many hours, Ms. Capasso was paid no wage at all.

84. At all times material hereto, Defendants failed—and continue to fail—to maintain proper time records as mandated by the FLSA.

85. Defendants failed to properly disclose or apprise Ms. Capasso of Ms. Capasso's rights under the FLSA.

86. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Ms. Capasso at the statutory minimum wage for hours worked when they knew or should have known such was and is due.

87. As a direct and proximate result of Defendants' willful, intentional, and unlawful violations of the FLSA, Ms. Capasso suffered and continues to suffer damages and lost compensation for time worked, plus liquidated damages pursuant to the FLSA.

88. Ms. Capasso is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

89. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Ms. Capasso by virtue of the management policy, plan, or decision that intentionally provided for the compensation of fewer hours than Ms. Capasso actually worked.

90. Ms. Capasso was not paid for all hours worked, and to the extent such hours, if properly credited to Ms. Capasso, would have credited Ms. Capasso with more hours in a work week, Defendants failed to properly pay Ms. Capasso, at least minimum wage compensation for such hours.

WHEREFORE, Plaintiff, DANA CAPASSO, respectfully requests that judgment be entered in her favor against the Defendants declaring the Defendants have violated the minimum wage provisions of 29 U.S.C. § 206; awarding Ms. Capasso minimum wage compensation in the amount calculated; awarding Ms. Capasso liquidated damages in the amount calculated; awarding Ms. Capasso reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Ms. Capasso post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT V
## VIOLATION OF FLORIDA STATUTE SECTION 448.110 AGAINST DEFENDANTS

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

91. This count sets forth a claim for damages by Plaintiffs for violations by the Defendants of the Florida Minimum Wage Act, Fla. Stat. 448.110.

92. Defendants failed to pay Plaintiffs in compliance with the minimum wage requirements of the Florida Minimum Wage Act. The applicable minimum wage was $8.10 between January 1, 2017 and December 31, 2017 and $8.25 between January 1, 2018 and August 31, 2018.

93. As set forth above, the wages of the Plaintiffs were below the Florida minimum wage as a result of Defendants' failure to pay wages.

94. The violations of the minimum wage provisions as set forth above were willful, within the meaning of the Florida Minimum Wage Act. Defendants knew the Plaintiffs were not being paid properly because Plaintiffs made complaints to the Defendants regarding the lack of payment of wages. Furthermore, Defendants knew the Plaintiffs were not being paid properly because they made promises to Plaintiffs about the expected date for fulfillment of wages owed. Defendants recklessly disregarded the very possibility that they were violating the Florida

Minimum Wage Act by choosing to ignore these complaints and declining to remedy the situation. Although the Defendants were aware of the minimum wage requirements imposed by the Florida Minimum Wage Act, they took no affirmative action to comply with those requirements with respect to the employment of the Plaintiffs and the Defendants' operations.

95. Plaintiffs have performed all conditions precedent to filing this action under the Florida Minimum Wage Act in accordance with Fla. Stat. § 448.110(6)(a), but Defendants have failed to pay the total amount of unpaid wages or otherwise resolve the claims to the satisfaction of Plaintiffs.

96. As a result of Defendants' violations of the minimum wage provisions of the Florida Constitution as described above, Plaintiffs are entitled to recover the amount of unpaid wages due to them and an equal amount as liquidated damages, pursuant to § 448.110(6)(c).

WHEREFORE, Plaintiffs, MOSES TUCKER and DANA CAPASSO, respectfully request that judgment be entered in their favor and against the Defendants declaring the Defendants have violated the minimum wage provisions of 29 U.S.C. § 206; awarding Plaintiffs minimum wage compensation in the amount calculated; awarding Plaintiffs liquidated damages in the amount calculated; awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiffs post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT VI
### BREACH OF CONTRACT

Plaintiffs reallege Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

97. In the alternative, Plaintiffs bring this claim for Defendants' breach of employment contract.

98. Plaintiffs and the Defendants entered into an employment agreement when Mr. Tucker and Ms. Capasso were each hired by the Defendants and agreed to work in their respective positions.

99. Plaintiffs relied on Defendants' promises to be paid at certain wage rates.

100. Assuming, *arguendo*, that Plaintiffs and Defendants entered into an employment agreement, Defendants failed to compensate Plaintiffs for all hours worked pursuant to such agreement.

101. Defendants breached their employment contract with Plaintiffs by failing to pay the wages promised.

102. As a result of Defendants' breach, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, MOSES TUCKER and DANA CAPASSO, respectfully request that judgment be entered in their favor and against the Defendants declaring the Defendants have violated the minimum wage provisions of 29 U.S.C. § 206; awarding Plaintiffs minimum wage compensation in the amount calculated; awarding Plaintiffs liquidated damages in the amount calculated; awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiffs post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues triable as of right by jury.

DATED this 7th day of June, 2019.

Respectfully submitted,

**SALPETER GITKIN, LLP**

By:   */s/ Joseph H. Rose*
Joseph H. Rose, Esq.

Fla. Bar No.: 56970
*joe@salpetergitkin.com*
One East Broward Boulevard—Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 467-8622
Facsimile: (954) 467-8623
***Attorneys for Plaintiffs***